

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SAMUEL EARL MURPHY,<br>Plaintiff, | :: <br> :: <br> :: | CIVIL ACTION NO.<br>1:06-CV-3149-TCB |
| v. | :: <br> :: <br> :: | |
| COBB COUNTY ADULT<br>DETENTION CENTER,<br>Defendant. | :: <br> :: <br> :: <br> :: | PRISONER CIVIL RIGHTS<br>42 U.S.C. § 1983 |

## ORDER AND OPINION

Plaintiff, an inmate at the Cobb County Adult Detention Center in Marietta, Georgia, has filed the instant pro se 42 U.S.C. § 1983 action. [Docs. 1, 6.] Plaintiff has been granted in forma pauperis status [Docs. 2, 3], and the matter is now before the Court for a 28 U.S.C. § 1915A screening.

### I. 28 U.S.C. § 1915A Frivolity Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or an officer or employee thereof, to determine whether the action (1) is frivolous, malicious, or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it "has little or no chance of success," i.e., when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal

AO 72A
(Rev.8/82)

theories are indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it appears beyond doubt that the plaintiff could prove no set of facts that would entitle him to relief. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a defendant's act or omission under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. See Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). If a plaintiff fails to satisfy these requirements or to provide factual allegations supporting a viable cause of action, the claim is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1283-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because plaintiffs' factual allegations were insufficient to support the alleged constitutional violation).

## II. Plaintiff's allegations

Plaintiff sets forth the following allegations against six unnamed Deputy Sheriffs at the Cobb County Adult Detention Center. On May 17, 2006, while on "suicide watch," Plaintiff attempted to procure "some tissue" from two different Deputies, but was unable to do so. [Doc. 1 ¶ IV.] In frustration, Plaintiff kicked on

2

his cell door and then started to flood his cell by putting a cup in the toilet. Three Deputies entered his cell and ordered him to get on his knees, which he refused to do because there was water on the floor. Three more Deputies and a Sergeant entered his cell. Plaintiff was ordered to get down, and while he was in the process of doing so, he was lifted off his feet and "thrown to the floor." He was handcuffed and told to lie flat and turn his head to the side. When he did so, he "received a numerous amount of punches to [his] nose, which caused it to bleed." He then spent ten hours in a restraint chair and was taken to a padded cell. [Id.]

In a consolidated amended complaint, Plaintiff alleges that, since December 10, 2006, or thereabouts, he has been deprived of eating utensils and has been to told to use his hands to eat food items that require a utensil, such as grits, oatmeal, rice, and potatoes. This situation arose, apparently, when Plaintiff allegedly misused his eating utensils, although Plaintiff denies that he did so. [Doc. 6 ¶ IV.] Plaintiff seeks compensation for his "pain, suffering, and humiliation." [Doc. 1 ¶ V.]

### III. Discussion

### Eighth Amendment - cruel and unusual punishment

For a plaintiff to make out a claim under the Eighth Amendment for cruel and unusual punishment, "there must be, objectively speaking, conduct by public officials

3

sufficiently serious to constitute a cruel or unusual deprivation–one denying the minimal civilized measure of life's necessities. . . . [and] a subjective intent by the public officials involved to use the sufficiently serious deprivation in order to punish." Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000) (citations and internal quotations omitted). "The subjective component of Eighth Amendment jurisprudence requires a showing that the defendants were wanton in their actions, as opposed to merely negligent." Wilson v. Seiter, 501 U.S. 294, 302 (1991).

### Use of excessive force

In determining whether the use of force against a prisoner has violated the Eighth Amendment, a court must weigh the following factors: (1) the need for the use of force, (2) the relationship between the need and the amount of force, (3) the threat that the prison official reasonably perceived, (4) the efforts made to temper the severity of the force used, and (5) the extent of the prisoner's injuries. Hudson v. MacMillan, 503 U.S. 1, 7 (1992); see also Skrtich v. Thornton, 280 F.3d 1295, 1304 (11th Cir. 2002) (noting that "[t]he law of excessive force in this country is that a prisoner cannot be subjected to gratuitous or disproportionate force that has no object but to inflict pain"). Based on Plaintiff's allegations that he was beaten about the face repeatedly after being subdued, handcuffed, and placed on the floor of his cell, the

4

Court cannot conclude at this time that Plaintiff will be unable to make out a claim for relief based on the alleged use of excessive force by the unnamed Cobb County Deputies.

### General conditions of confinement

"Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society," however, "extreme deprivations are required to make out a conditions-of-confinement claim." Hudson, 503 U.S. at 9 (internal quotations omitted). See also Wilson, 501 U.S. at 298 (noting that "[t]he Constitution . . . does not mandate comfortable prisons") (internal quotations omitted). Nevertheless, in order to prevail on an Eighth Amendment challenge to his conditions of confinement, a prisoner "need not await a tragic event before seeking relief, [but] he must at the very least show that a condition of his confinement poses an unreasonable risk of serious damage to his future health or safety." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004) (citation and internal quotations omitted). Had Plaintiff been unable to nourish himself sufficiently to maintain his health, due to the actions of Detention Center personnel, he would have a viable claim for relief. Instead, however, Plaintiff merely alleges that "basically on every plate there's some kind of food that require[s]" a utensil (a spork), which he no longer

5

receives. The fact that Plaintiff would prefer to eat these food items with a utensil does not make it impossible for him to eat them without one. Although this circumstance may well discomfit Plaintiff, it is not the type of "extreme deprivation" that rises to the level of a constitutional violation.

### IV. Conclusions

For the foregoing reasons, this Court finds that Plaintiff has alleged a cause of action – for the use of excessive force – that passes muster under 28 U.S.C. § 1915A. It does not appear beyond doubt that Plaintiff could prove no set of facts that would entitle him to relief with respect to this claim. Accordingly, in light of the allegations presented, and in deference to Plaintiff's pro se status, **IT IS ORDERED** that his excessive-force claim be allowed to **PROCEED** as in any other civil action. However, because Plaintiff's claim regarding the alleged deprivation of an eating utensil with his meals does not implicate the "minimal civilized measure of life's necessities," Plaintiff's claim with respect to his meal service is **DISMISSED**.

Moreover, Plaintiff may not maintain an action against the Cobb County Adult Detention Center per se.[1] Accordingly, **IT IS FURTHER ORDERED** that the Cobb

---

[1] The Eleventh Circuit has upheld the dismissal of § 1983 claims against an Alabama sheriff's department because "[s]heriff's departments and police departments

6

AO 72A
(Rev.8/82)

County Adult Detention Center is **DISMISSED** from this action and that the following unnamed individuals are **SUBSTITUTED** as Defendants: John Doe, Sergeant, Cobb County Adult Detention Center; and John Doe, Deputy Sheriff, Cobb County Adult Detention Center.[2]

### V. Service of process and related matters

The Clerk is hereby **DIRECTED** to send Plaintiff a USM 285 form and summons for each remaining Defendant, as noted above, along with an initial

---

are not usually considered legal entities subject to suit." Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992). Other courts have extended this principle to conclude that "a jail is not an entity that is amenable to suit." See Marsden v. Federal B.O.P., 856 F. Supp. 832, 836 (S.D.N.Y. 1994). See also Owens v. Scott County Jail, 328 F.3d 1026, 1027 (8th Cir. 2003) (holding that "county jails are not legal entities amenable to suit"); Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (stating that "Section 1983 imposes liability on any 'person' who violates someone's constitutional rights," but "Cook County Jail is not a 'person' – it is not a legal entity to begin with"); Shelby v. City of Atlanta, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984) (holding that a department that is "merely the vehicle through which the [local] government fulfills its policing functions. . . . is not an entity subject to suit"). Legal capacity to be sued is determined according to state law, Dean, 951 F.2d at 1214, and, based on Georgia law, the undersigned finds no basis for allowing Plaintiff to sue the Cobb County Adult Detention Center.

[2] See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 390 n.2 (1971) (noting that district court ordered service of process on unnamed defendants whose identity was available in relevant government records, and proper agents were ultimately served); Dean, 951 F.2d at 1215-16 (discussing possibility of service on adequately described, but unnamed, defendant).

AO 72A
(Rev. 8/82)

disclosures form. Plaintiff is **DIRECTED** to complete a USM 285 form and summons for each Defendant, complete the initial disclosures form, and return all of the forms to the Clerk of Court within twenty (20) days of the entry date of this Order. Plaintiff is warned that failure to comply in a timely manner could result in the dismissal of this civil action. The Clerk is **DIRECTED** to resubmit this action to the undersigned if Plaintiff fails to comply.

Upon receipt of the forms, the Clerk is **DIRECTED** to prepare a service waiver package for each Defendant. The service waiver package must include, for each Defendant, two (2) Notice of Lawsuit and Request for Waiver of Service of Summons forms (prepared by the Clerk), two (2) Waiver of Service of Summons forms (prepared by the Clerk), an envelope addressed to the Clerk of Court with adequate first class postage for use by each Defendant for return of the waiver form, one (1) copy of the complaint, one (1) copy of the initial disclosures form, and one (1) copy of this Order. The Clerk shall retain the USM 285 form and summons for each Defendant.

Upon completion of a service waiver package for each Defendant, the Clerk is **DIRECTED** to complete the lower portion of the Notice of Lawsuit and Request for Waiver form and to mail a service waiver package to each Defendant. Defendants have a duty to avoid unnecessary costs of serving the summons. If a Defendant fails

to comply with the request for waiver of service, that Defendant must bear the costs of personal service unless good cause can be shown for failure to return the Waiver of Service form.

In the event a Defendant does not return an executed Waiver of Service form to the Clerk of Court within thirty-five (35) days following the date the service waiver package is mailed, the Clerk is **DIRECTED** to prepare and transmit to the U.S. Marshal's Service a service package for each Defendant who failed to return an executed waiver form. The service package must include the USM 285 form, the summons, and one (1) copy of the complaint. Upon receipt of the service package(s), the U.S. Marshal's Service is **DIRECTED** to personally serve each Defendant who failed to waive service. The executed waiver form or the completed USM 285 form shall be filed with the Clerk.

Plaintiff is **DIRECTED** to serve upon each Defendant or each Defendant's counsel a copy of every additional pleading or other document that is filed with the Clerk of the Court. Each pleading or other document filed with the Clerk shall include a certificate stating the date on which an accurate copy of that paper was mailed to each Defendant or each Defendant's counsel. This Court shall disregard any

9

AO 72A
(Rev. 8/82)

submitted papers which have not been properly filed with the Clerk or which do not include a certificate of service.

Plaintiff is also **REQUIRED** to **KEEP** the Court and each Defendant advised of his current address at all times during the pendency of this action. Plaintiff is admonished that the failure to do so may result in the dismissal of this action.

This case **SHALL PROCEED** on a four (4) month discovery track, beginning thirty (30) days after the appearance of the first Defendant by answer to the complaint, subject to extension by motion filed prior to the expiration of the existing discovery period. See N.D. Ga., LR 26.2.A., LR 26.2.B.

**IT IS SO ORDERED** this 30th day of March, 2007.

_____
TIMOTHY C. BATTEN, SR.
UNITED STATES DISTRICT JUDGE